**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-60399-ALTMAN**

**EDUARDO ORTIZ FLORES**,
**by next friend,**
**LIEN CARRASCO GONZALEZ**,

     *Petitioner*,

*v.*

**WARDEN, BROWARD**
**TRANSITIONAL CENTER**, *et al.*,

     *Respondents*.

_____/

## ORDER TO AMEND

On February 12, 2026, Lien Carrasco Gonzalez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as "next friend" on behalf of the Petitioner, Eduardo Ortiz Flores. *See generally* Petition. In the Petition, Gonzalez challenges the constitutionality of Flores's detention in the custody of Immigration and Customs Enforcement ("ICE"). Gonzalez has also filed an "Emergency Motion for Temporary Restraining Order and Order Prohibiting Transfer Without Prior Notice" [ECF No. 3]. After careful review, we find that Gonzalez lacks standing to file the Petition on Flores's behalf, but we **GRANT** leave to amend.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. While "courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself," that permission isn't "automatic." *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999). To have standing, the "next friend" must show two things: *first*, "that the real party in interest cannot pursue his own cause due to some disability"; and *second*, "some relationship or other evidence" that

the next friend is "truly dedicated to the interests of the real party in interest." *Ibid.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf," which "strip[s] the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman–USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 155–56, 163).

Gonzalez hasn't met these next-friend requirements. We'll assume for now that she's done *just enough* to satisfy the second prong. She explains that she has a "long-term romantic relationship of approximately eight (8) years and resides with [Flores]" and that she's "dedicated to pursuing this action in his best interests." Petition at 8. And she separately filed an affidavit confirming their eight-year-long "committed relationship" and explaining that Flores's absence "has caused [her] significant emotional hardship" and "has deeply impacted [their] stability and daily life." Affidavit of Lien Carrasco Gonzalez [ECF No. 1-1] at 16.

But Gonzalez hasn't "demonstrated that [Flores] is unable to pursue [his] own cause due to some disability."[1] *Eye v. Lamberti*, 2012 WL 663172, at *1 (S.D. Fla. Feb. 28, 2012) (Cohn, J.) (citations omitted). All she says on this subject is that Flores "is currently detained by ICE and does not have access to printing, scanning, or electronic filing" and, therefore, "cannot physically sign [the] Petition." Petition at 2. But Flores doesn't need to print, scan, or e-file a habeas petition—he can just handwrite it and mail it to us. And Gonzalez never explains how his detention prevents him from doing that. *See, e.g.*, *Francis*, 246 F. App'x at 622 (finding that a prisoner's spouse lacked next-friend standing because she only alleged that the prisoner was "unable to initiate the petition from prison" with no other facts, giving the court "no reason to think" that the prisoner's incarceration *alone* prevented him

---

[1] "Disability" isn't limited to mental or physical impairment. The question here is whether Flores *cannot* access the court on his own. *See Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990) (explaining that "next friend standing" requires "a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, *or other similar disability*" (emphasis added)).

from filing the petition on his own). Because Gonzalez hasn't satisfied the first prong of the next-friend test, she lacks standing to file this Petition.

And "[f]ederal district courts must 'dismiss summarily any habeas petition that appears legally insufficient on its face.'" *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (quoting *Borden*, 646 F.3d at 810). Still, we'll give Gonzalez one more chance to file an amended § 2241 petition on Flores's behalf that corrects the deficiencies we've outlined in this Order. Gonzalez's amended petition must meet the pleading standard of Rule 2(c), must be legible, and must be submitted on our court-approved form for § 2241 petitions. *See* S.D. FLA. L.R. 88.2(a). In the amended petition, Gonzalez must provide *specific facts* showing her entitlement to next-friend status. If she fails to timely file a sufficient amended § 2241 petition, we'll dismiss this case without further notice. *See* FED. R. CIV. P. 41(b).

\*        \*        \*

We therefore **ORDER AND ADJUDGE** as follows:

1.      The Petition [ECF No. 1] is **DISMISSED without prejudice** for lack of jurisdiction. By **March 16, 2026**, the Petitioner must file an amended petition under 28 U.S.C. § 2241 correcting the deficiencies we've outlined in this Order. The amended petition must be no longer than 20 double-spaced pages and signed under the penalty of perjury. The Petitioner must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts by sufficiently stating (in a legible way) the facts that support the grounds for relief available to him. The Clerk is **DIRECTED** to provide the Petitioner with a copy of this Court's approved form for 28 U.S.C. § 2241 petitions.

2.      The amended petition must be labeled "Amended Petition" and must show the case number referenced above, so that it will be filed in this case. The amended petition will be the sole, operative pleading in this case, and only the claims listed in the amended petition will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes

the initial complaint and becomes the operative pleading in the case."). The Petitioner may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3.  If the Petitioner fails to file the amended petition on time and in compliance with our orders, we'll dismiss this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

4.  The Petitioner's "Emergency Motion for Temporary Restraining Order and Order Prohibiting Transfer Without Prior Notice" [ECF No. 3] is **DENIED as moot**.

5.  The Clerk shall **CLOSE** this case. We'll reopen this case once the Petitioner files his amended petition in compliance with our Order.

**DONE AND ORDERED** in the Southern District of Florida on February 13, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Eduardo Ortiz Flores,
        by next friend,
        Lien Carrasco Gonzalez, *pro se*

4