UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-60399-ALTMAN

EDUARDO FLORES,

　　　*Petitioner*,

v.

WARDEN, BROWARD TRANSITIONAL CENTER, *et al.*,

　　　*Respondents.*

_____/

## ORDER

Our Petitioner, Eduardo Flores, is "a native and citizen of Cuba who applied for admission at the U.S. Port of Entry at El Paso, Texas[,] on September 5, 2024." Response to Order to Show Cause (the "Response") [ECF No. 12] at 1. That same day, he was "paroled into the United States" and charged by U.S. Customs and Border Patrol "with inadmissibility in violation of INA § 212(a)(7)(i)(I) as amended, as an alien who, at the time of application for admission, is not in possession of an unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act." *Id.* at 1–2. "On September 9, 2025, Petitioner was taken into . . . custody" by Immigration and Customs Enforcement. *Id.* at 2. "On December 12, 2025, an immigration judge ordered Petitioner removed from the United States." *Ibid.* On December 15, 2026, the Petitioner appealed that order to the Board of Immigration Appeals. *See ibid.* At present, the appeal remains pending, and the Petitioner remains in custody at "Broward Transitional Center . . . pursuant to 8 U.S.C. § 1225(b)(2)." *Ibid.*

Proceeding *pro se*, the Petitioner now seeks habeas relief in our Court, challenging "his continued immigration detention without an individualized bond hearing in violation of the Fifth

Amendment Due Process Clause." Amended Petition [ECF No. 8] at 3; *see also ibid.* (stating that the "detention began" on "September 9, 2025"). But the Respondents maintain that the petition "should be denied because detention is lawful under 8 U.S.C. § 1225(b)(2), as an Arriving Alien." Supplemental Response [ECF No. 15] at 2. As they see it, the Petitioner "is clearly an arriving alien who was seeking lawful entry after inspection," given that "he presented himself at the border and was paroled into the United States." *Id.* at 1. After careful review, we agree with the Respondents.

Section 1225(b)(2) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Aliens falling within the scope of § 1225(b)(2), in other words, *must* be detained. *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (explaining that § 1225(b)(2) "mandate[s] detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin").

To be sure, § 1225(b)(2) has given rise to a deepening circuit split. *Compare Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026), *and Cunha v. Freden*, No. 25-3141, —— F.4th ——, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), *with Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *and Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). But, as the Respondents point out, even the Eleventh Circuit's construction of § 1225(b)(2)—which we're bound to follow—encompasses aliens "seeking lawful entry after inspection and authorization by an immigration officer when they were detained." *Alvarez*, 2026 WL 1243395, at *8 (quotation marks omitted). And here, our Petitioner *was* "applying for entry in any literal sense" when he was detained. *Ibid.*; *see also* Resp. at 1 (explaining that the Petitioner "applied for admission at the U.S. Port of Entry . . . on September 5, 2024," "was then

paroled into the United States," received a Notice to Appear "that same day," and then entered custody on "September 9, 2025"). Accordingly, the Petitioner isn't eligible for bond.[1]

### CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1.  The Amended Petition for Writ of Habeas Corpus [ECF No. 8] is **DENIED**.

2.  All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on May 21, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Eduardo Flores, *pro se*

        Noticing INS Attorney
        Email: usafls-immigration@usdoj.gov

---

[1] We'll note that any due-process claim here fares no better. The Supreme Court has made clear that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003).